IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CALVIN ELLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:18-cv-01001-STA-jay |
| | ) | |
| HILTON HALL, JR., | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DIRECTING CLERK TO MODIFY RESPONDENT
AND
DENYING MOTION TO EXPAND THE RECORD

On April 18, 2018, Respondent Hilton Hall, Jr. filed the state court record from Petitioner Calvin Ellison's criminal and post-conviction proceedings.[1] (ECF No. 15). Nearly nine months later, after briefing had been completed, Petitioner filed a motion to expand the state court record. (ECF No. 18.) He requests that the Court direct Respondent to "file a copy of the Sentencing Hearing Transcript[]," insisting that the "Court may be aided by this [t]ranscript" in ruling on his claim "concern[ing] his sentence." (*Id.*) For the following reasons, the motion is **DENIED**.

In Claim 4(d) of his Petition, Ellison asserts that counsel rendered ineffective assistance by failing to investigate and challenge the imposition of consecutive sentences relating to his convictions for aggravated assault and employing a firearm during the commission of a dangerous felony. (ECF No. 1 at 10; ECF No. 1-1 at 7-8.) He unsuccessfully raised the claim before the Tennessee Court of Criminal Appeals ("TCCA"). *See Ellison v. State*, No. W2016-01784-CCA-

---

[1] The Clerk is **DIRECTED** to substitute Hilton Hall Jr. for Shawn Phillips as Respondent. *See* Fed. R. Civ. P. 25(d).

1

R3-PC, 2017 WL 2472374, at *6 (Tenn. Crim. Ap. June 7, 2017), *perm app. denied* (Tenn. Oct. 6, 2017).

In rejecting the claim, the TCCA held that counsel and the trial court were mistaken that consecutive sentencing was mandatory under Tennessee law in the circumstances of Ellison's case. *Id.* The appellate court found, however, that Ellison did not establish that he was prejudiced by counsel's error. *Id.* Because Petitioner did not provide a transcript of the sentencing hearing, the court reasoned, it could not "say with certainty that the trial court would not have elected to impose consecutive sentencing based upon one of the permissive grounds contained in [Tennessee] Code section § 40-35-115," especially in light of the defendant's "extensive criminal history." *Id.*

Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules") provides that a district court may, in its discretion, "direct the parties to expand the record by submitting additional materials relating to the petition." Habeas Rule 7(a). "The materials that may be required include letters predating the filing of the petition, documents, [and] exhibits " Habeas Rule 7(b).

A court's discretion under Rule 7 to order an expansion of the record is circumscribed, however, where a claim has been adjudicated on the merits. In that instance, "review under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). The Supreme Court in *Pinholster* observed that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id.* at 182-83.

Ellison's ineffective assistance claim regarding his consecutive sentences was adjudicated on the merits in the Tennessee Court of Criminal Appeals. This Court's review of the TCCA's decision under the deferential review standards of 28 U.S.C. § 2254(d) is therefore limited to the record that was before that court. As noted, the transcript of Ellison's sentencing hearing was never submitted to the TCCA. This Court therefore may not consider the transcript in ruling on Claim 4(d). Because an expansion of the record to include the document would serve no purpose, the motion is **DENIED**.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 25, 2019